UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| JASON L. GABEL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:09-CR-159-HSM-SKL-1 |
| | ) | | 1:16-CV-240-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 20, 21]. He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on July 29, 2016 [Doc. 23]. Also before the Court is Petitioner's pro se request for an Order requiring Respondent provide him with unspecified "documents" so that he can submit and litigate a § 2255 challenge [Doc. 19]. For the reasons below, Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's request for an Order requiring the production of unspecified documents to assist in the litigation of his § 2255 challenge will be **DENIED as moot**.

I.     BACKGROUND

In 2009, Petitioner robbed three hotels and a sandwich shop in Chattanooga, Tennessee, all while armed with a black pistol or a large knife [Presentence Investigation Report (PSR) ¶¶ 9–12]. He later pled guilty to, and was subsequently convicted of, three counts of Hobbs Act

robbery, in violation of 18 U.S.C. § 1951; and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [Doc. 18].  On August 19, 2010, this Court sentenced Petitioner to an aggregate 200-month term of imprisonment—concurrent 116-month terms for the Hobbs Act robberies and a consecutive 84-month term for the § 924(c) offense [*Id.*].  No direct appeal was taken.  On June 20, 2016, Petitioner filed the instant motion challenging his conviction under § 924(c) based on the *Johnson* decision [Docs. 20, 21].[1]

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A).  The argument fails because binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, §

---

[1] The Court finds that it need not determine whether the petition is timely under § 2255(f)(1) because, even if the § 2255 motion was filed within the applicable one-year statute of limitations, the *Johnson* decision does not provide a basis for granting the requested relief.

2

924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, Hobbs Act robbery remains a crime of violence capable of supporting the conviction under § 924(c)(1)(A).

## IV.  REQUEST FOR PRODUCTION OF DOCUMENTS

In addition to the pro se petition for collateral relief, this Court is in possession of Petitioner's pro se request for a Court Order requiring Respondent provide him with unspecified documents necessary for the litigation of his § 2255 challenge [Doc. 19]. The request is made moot by this Court's resolution of the underlying petition and will be **DENIED**.

## V.  CONCLUSION

---

[2]    The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

For the reasons discussed, Petitioner's § 2255 motion [Docs. 20, 21] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's pro se request for the production of unspecified documents [Doc. 19] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE